Seymour H. Knox v. Commissioner.
Seymour H. Knox v. Commissioner
Docket No. 107622.
United States Tax Court
1945 Tax Ct. Memo LEXIS 225; 4 T.C.M. (CCH) 411; T.C.M. (RIA) 45151; April 20, 1945
Ralph M. Andrews, Esq., 1330 Marine Trust Bldg., Buffalo, N.Y., and Daniel G. Yorkey, Esq., for the petitioner. Walt Mandry, Esq., for the respondent. STERNHAGEN Supplemental Memorandum Opinion STERNHAGEN, Judge: This proceeding was decided by this court in an opinion promulgated February 11, 1943, 1 T.C. 575, upon the authority of Helvering v. Stuart, 317 U.S. 154. *226 After the enactment on February 25, 1944, of Section 134, Revenue Act of 1943, amending Section 167, Internal Revenue Code, the case was upon stipulation of the parties remanded by the United States Circuit Court of Appeals for the Second Circuit for consideration under Section 22(a), and also under Section 167, as amended by Section 134, Revenue Act of 1943. The consents called for by subsection (b)(2) of Section 134 have been filed, and the only issue remaining to be decided is whether the income of the trust is taxable to the grantor by virtue of Section 22(a), or Section 167, Internal Revenue Code. [The Facts] To the findings stated in the former report are added: The grantor transferred to the trust in 1934 shares of the Briggs Manufacturing Company, F. W. Woolworth Company, R. J. Reynolds Tobacco Company, Great Southern Lumber Company, General Electric Company and Union Pacific Railroad Company, and in 1935 shares of Woolworth, General Electric, Reynolds Tobacco and Time, Incorporated. None of the shares which he transferred to the trust were shares of a close corporation owned or controlled by himself. The trust has been *227 administered in complete conformity with its terms and there are no circumstances aliunde the written instrument which affect the question whether the doctrine of the Clifford case requireds the holding that in substance, although not alone by the terms of the instrument, the grantor is or must be treated as if he were the individual owner of the entrusted property or the income. There is no reason to believe that the trust is a sham or a device brought into being solely or primarily as a means of reducing the grantor's income taxes. As the findings show, the trust is exactly what by the terms of the instrument it purports to be, - not for the direct or indirect benefit of the settlor but for the benefit of his children, who are minors. The settlor has reserved no power of revocation, reversion or possibility of reversion. The trust is not for a fixed short term but for the life of the children. The control of the trust estate and income is not in the settlor but is in both trustees together, and the corporation co-trustee, in fact, administers the trust, albeit with the settlor's investment cooperation and advice. The settlor does not, and has no power to, control the corporation *228 co-trustee, since he is not a shareholder of that corporation to any extent and is only a shareholder of the co-trustee's corporate parent to the extent of three per cent of its shares. The corpus of the trust consists of securities in corporations of which the settlor is not a controlling shareholder; he does not vote or control the voting of such shares, this being done by the nominee partnerships composed of officers of the corporation co-trustee. No part of the trust income has in fact been used for the support, education or maintenance of the settlor's minor children or otherwise to relieve him from his obligations or duties as parent; and the distributions which have been made to the taxpayer have been received by him as guardian and consistently so treated by deposit in separate bank accounts and used only to pay their taxes or invested for them, or permitted to accumulate. Upon the evidence the court is of opinion that the income of the trust is not in substance the income of the taxpayer and that there is no support for a conclusion as a matter of law that it may be treated as such and included in the taxpayer taxable income, either under Section 22(a) or Section 167. *229 Decision will be entered under Rule 50.